## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES FIELDS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-07-1029-F |
| ) | |
| JUSTIN JONES, et al., ) | |
| ) | |
| Defendants. ) | |

### REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, brings this suit pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights.[1] Pursuant to an order entered by United States District Judge Stephen P. Friot, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the reasons set forth herein, it is recommended that the complaint be dismissed upon filing.

Upon conducting the initial review of the complaint, the undersigned noted that Plaintiff had neglected to utilize the form complaint required by this Court for cases brought by incarcerated persons. [Doc. No. 8]. Accordingly, Plaintiff was directed to file an amended complaint that would be in conformity with Fed.R.Civ.P. 8. Plaintiff has done so, and it is that complaint [Doc. No. 9] which is now under review.

In several counts, Plaintiff has alleged only that one named Defendant or another failed to return a request to staff, or failed in some other way to comply with the Oklahoma

---

[1] In his amended complaint filed November 26, 2007, Plaintiff lists a different address than the one on file with the Court, and thus, he may have been released from prison since his original filing. Plaintiff is reminded that it is his responsibility to advise the Court of any change of address. Local Civil Rule 5.5(a).

Department of Corrections' (ODOC's) grievance procedure or regulations. These allegations fail to state a claim upon which relief may be granted and should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). An inmate does not have a constitutional right to an effective grievance system. Murray v. Albany County Board of County Commissioners, No. 99-8025, 2000 WL 472842 at *2 (10th Cir. Apr. 20, 2000)[2] ("[ P]rison grievance procedures do not 'give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment.'") (quoting Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993 )); accord Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996) (no substantive due process rights in grievance procedure); Leavitt v. Allen, No. 94-1641, 1995 WL 44530 at *2 (1st Cir. Feb. 3, 1995) ("The due process clause does not, in and of itself, confer upon an inmate a right to pursue grievance proceedings against prison officials."). An inmate has no cognizable claim under 42 U.S.C. § 1983 for violation of prison regulations. Gaines v. Stenseng, 292 F.3d 1222, 1225 (10th Cir. 2002). Plaintiff's conclusory allegations are insufficient to preclude dismissal of this action. Hall v. Bellmon, 935 F.2d 1106, 1110-12 (10th Cir.1991) (broad reading of pro se plaintiff's complaint does not relieve plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based); Rainey v. Bruce, No. 02-3003, 2003 WL 21907609 at *1-2 (10th Cir. Aug. 11, 2003) (indigent state inmate's allegations that he suffered from discrimination, harassment and retaliation, conspiracy and on-going violations of his constitutional rights were insufficient

---

[2]This and any other unpublished decision is cited solely for its persuasive value in accord with 10th Cir. R. 32.1.

to state claim for relief under § 1983, where inmate's assertions consisted of a jumble of rambling, incoherent rants presented in undifferentiated and conclusory fashion, unsupported by specific factual averments or legal authority).  For these reasons, it is recommended that Plaintiff's claims regarding the grievance procedure in Counts 2, 3, 4, 5, 6, 7, 8, 14, 15, 16, 17, 20, 21, 22, 23, 24, 26, 27, and 28 be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The allegations in most of the remaining counts are quite simply, incomprehensible. Plaintiff was told at the time he filed his original complaint that "his 'supporting facts' [were] completely insufficient to let the Court know what his claims are against the various Defendants" and it was explained that under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain a short and plain statement of the claim, which requires that a plaintiff's

> complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated. After all, these are, very basically put, the elements that enable the legal system to get weaving-permitting the defendant sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits.

Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007). See Order dated November 1, 2007 [Doc. No. 8].  The undersigned directed Plaintiff to amend his complaint to present his claims in a form that allows the Court and the Defendants to know what claims are being asserted against them and how he or she participated in the asserted constitutional violations.  He has not done so.  For example, Count 1 states:

> Defendant Justin Jones (Director of DOC) and the following DEFENDANTS either or, **"EXCEPTION"** in their individual and professional capacity has,

>    the responsibility to PRESERVE AND PROTECT Plaintiff's Constitutional Rights to the 1st., 6th., 8th., and 14th., U.S.C. Amendments. Plaintiff alleges, inasmuch, the **"DESIGNED EFFECT"** of the **PRACTICE** of **"DENIABLE APPROVAL TO NO ACCOUNTABILITY"** to the available grievance procedure, as well as, the **"PRACTICE" and "MIND SET"** of wheelchair/bound I/m's **"STAY"** at L.A.R.C. from THREE (3) to SIX(6) months(at times LONGER) **"DID"** HAMPER Plaintiff's ability to adhere to the available grievance procedure inasmuch, receive **"RELIEF"** in a **"TIMELY MANNER"**. Plaintiff, as early as, 08/01/06, **EXPERIENCED RETAILATION, REPRISAL, DISCRIMINATION, And DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED(S),** by L.A.R.C., population office.

First Amended Complaint, p. 2-3. This and several other counts fall within this category of incomprehensibility, and should be dismissed: Counts 1, 9, 12, 13, 18 and 19. Finally, there are three counts which appear to refer to deliberate indifference to serious medical needs, but contain so little facts as to fail to state a claim: Count 10 (Defendant Brad Johnston diagnosed high blood pressure, and diabetes medication not timely received); Count 11 (August 8, 2006 appointment, no medicine until August 16, 2006); Count 25 (wheelchair taken).

In light of the foregoing, it is recommended that Counts 2, 3, 4, 5, 6, 7, 8, 14, 15, 16, 17, 20, 21, 22, 23, 24, 26, 27, and 28 be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Although Plaintiff's inartful pleading also affects these counts, his complaints regarding the various Defendants' violation of ODOC's grievance policy or regulations does not give rise to a constitutional violation; accordingly, even if he were to correct the other flaws in these counts, amendment would be futile. "[W]hen it is 'patently obvious' that the plaintiff could not prevail on the facts alleged ... allowing him an

opportunity to amend his complaint would be futile." Curley v. Perry, 246 F.3d 1278, 1282 (10th Cir. 2001) (quoting Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991)). On the other hand, it is unclear to the undersigned just what Plaintiff is alleging in the other counts; thus it cannot be said at this point that amendment of those counts would be futile, only that they do not state a claim. Therefore, it is recommended that Counts 1, 9, 10, 11, 12, 13, 18, 19 and 25 be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), but with leave to amend.

## **RECOMMENDATION**

For the reasons set forth above, it is recommended that Counts 2, 3, 4, 5, 6, 7, 8, 14, 15, 16, 17, 20, 21, 22, 23, 24, 26, 27, and 28 be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); it is further recommended that Counts 1, 9, 10, 11, 12, 13, 18, 19 and 25 also be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), but with leave to amend. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by May 8, 2008, in accordance 28 U.S.C. § 636 and Local Civil Rule 72.1. Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F. 2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter, unless and until Plaintiff files a Second Amended Complaint with regard to any of the Counts for which leave is so given. The Clerk of the Court is directed to mail a copy of

this Report and Recommendation to the Attorney General for the State of Oklahoma on behalf of the Defendants.

**ENTERED THIS 18th DAY OF APRIL, 2008.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE